

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THE ESTATE OF PATRICIA L. McDOUGALL, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF PATRICIA L. McDOUGALL, DALYNN NICKELL, MARK SNEAD, AMY WILKINS, NORTHWEST COLLECTORS INC., COLLECTION PROFESSIONALS, INC., and SANDERS COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 15–137–M–DLC<br><br>ORDER |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This Court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Sanders, State of Montana, and is described as follows:

> All that portion of the SE1/4NE1/4 of Section 27, Township 20 North, Range 26 West, PMM, Sanders County, Montana, described as follows:
>
> Beginning at the quarter section corner between Sections 26 and 27 in said Township and Range, and running thence
> West for a distance of 390 feet; thence
> North for a distance of 389 feet to corner No. 1 of the tract conveyed by this instrument; thence
> North for a distance of 100 feet to corner No. 2; thence
> West for a distance of 132 feet to corner No. 3; thence
> South for a distance of 100 feet to corner No. 4; thence
> East 132 feet to corner No. 1.
> (According to Book 70 of Deeds, Page 146)
>
> Common address: 309 Ruenauver Street, Plains, Montana

2. The United States loaned Patricia McDougall the sum of $43,000.00 on April 17, 1989. The loan is evidenced by a promissory note dated April 17, 1989. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A.

3. As security for the promissory note, a real estate mortgage was executed providing real property located in Sanders County, Montana, as security for the

debt. The mortgage was executed by Patricia McDougall on April 17, 1989 and recorded with the Sanders County Clerk and Recorder on April 17, 1989, in Book 76 of Mortgages, at Page 497 as Document No. 191777. A true and correct copy of this mortgage is attached to the Complaint as Exhibit B.

4. The United States made a subsequent loan to Patricia McDougall in the amount of $10,570.00 on October 17, 2005. The loan is evidenced by a promissory note dated October 17, 2005. A true and correct copy of the promissory note is attached to the Complaint at Exhibit C.

5. As security for the promissory note, a deed of trust was executed providing real property located in Sanders County, Montana, as security for the debt. The deed of trust was executed by Patricia McDougall on October 17, 2005 and recorded with the Sanders County Clerk and Recorder on October 18, 2005, in Book 1 of Mortgages, at Page 51949 as Document No. 263108. A true and correct copy of this deed of trust is attached to the Complaint as Exhibit D.

6. Defendant, The Estate of Patricia McDougall, is in default under the terms of the promissory notes, mortgage and deed of trust described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on August 26, 2014. Patricia McDougall passed away on December 9, 2013. The Sanders County Clerk of Court has been contacted and

advised there was a probate action opened for Patricia McDougall under Cause No. DP 14-13. DaLynn Nickell has been appointed as personal representative of the estate.

7. Defendant, The Estate of Patricia McDougall, is indebted to the Plaintiff for the loans outlined above in the principal amount of $22,982.73, plus interest computed at the rate of 9.5 percent per annum for the accrued total amount of $2,230.63 as of August 24, 2015, plus late charges of $5.82, plus fees in the amount of $589.30 ($510.00 - Litigation Guarantee and $79.30 - property inspections), for a combined total of $25,808.48 as of August 24, 2015. In addition if the value of the real property exceeds the principal and accrued interest ($25,808.48), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated April 17, 1989. A true and correct copy of the subsidy repayment agreement is attached to the Complaint as Exhibit E. The interest subject to recapture is $66,273.47 making a total of $92,081.95 due and owing as of August 24, 2015. Interest continues to accrue from August 24, 2015, at the rate of $4.50 per day until the date of entry of judgment. Attached to the Complaint as Exhibit F are Affidavits of Kimberly Maines of Rural Development which verify the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

8. Defendant, DaLynn Nickell, executed a Waiver of Service of Summons for herself and as personal representative of the Estate of Patricia L. McDougall; it was filed with the Court on November 3, 2015. (Doc. 12.) Defendants did not make an appearance. Their default was entered on January 6, 2016. (Doc. 20.)

9. Defendant, Mark Snead, executed a Waiver of Service of Summons; it was filed with the Court on October 30, 2015. (Doc. 9.) Defendant did not make an appearance. His default was entered on January 6, 2016. (Doc. 20.)

10. Defendant, Amy Wilkins, executed a Waiver of Service of Summons; it was filed with the Court on November 3, 2015. (Doc. 11.) Defendant did not make an appearance. Her default was entered on January 6, 2016. (Doc. 20.)

11. Defendant, Northwest Collectors Inc., executed a Waiver of Service of Summons; it was filed with the Court on November 10, 2015. (Doc. 15.) Defendant did not make an appearance. Its default was entered on January 6, 2016. (Doc. 20.)

12. Defendant, Collection Professionals Inc., executed a Waiver of Service of Summons; it was filed with the Court on October 30, 2015. (Doc. 8.) Defendant did not make an appearance. Its default was entered on January 6, 2016. (Doc. 20.)

13. Defendants, Known and Unknown Heirs and Devisees of Patricia L.

McDougall, were served by Summons for Publication on February 17, 2016. (Doc. 23.) They did not make an appearance and default was entered on March 15, 2016. (Doc. 26.)

14. Robert Zimmerman, Sanders County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on November 3, 2015. (Doc. 13.) On November 3, 2015, Defendant Sanders County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Doc. 14.)

## CONCLUSIONS OF LAW

15. Sanders County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

16. The Plaintiff, United States, is entitled to judgment against Defendant, The Estate of Patricia L. McDougall, in the principal amount of $22,982.73, plus interest computed at the rate of 9.5 percent per annum for the accrued total amount of $2,230.63 as of August 24, 2015, plus late charges of $5.82, plus fees in the amount of $589.30, for a combined total of $25,808.48 as of August 24, 2015. In addition if the value of the real property exceeds the principal and accrued interest

($25,808.48), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated April 17, 1989. The interest subject to recapture is $66,273.47 making a total of $92,081.95 due and owing as of August 24, 2015. Interest continues to accrue from August 24, 2015, at the rate of $4.50 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

17. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendant, The Estate of Patricia L. McDougall, in the principal amount of $22,982.73, plus interest computed at the rate of 9.5 percent per annum for the accrued total amount of $2,230.63 as of August 24, 2015, plus late charges of $5.82, plus fees in the amount of $589.30, for a combined total of $25,808.48 as of August 24, 2015. In addition if the value of the real property exceeds the principal and accrued interest ($25,808.48), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated April 17, 1989. The

interest subject to recapture is $66,273.47 making a total of $92,081.95 due and owing as of August 24, 2015. Interest continues to accrue from August 24, 2015, at the rate of $4.50 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Sanders County, Montana, and described as follows:

> All that portion of the SE1/4NE1/4 of Section 27, Township 20 North, Range 26 West, PMM, Sanders County, Montana, described as follows:
>
> Beginning at the quarter section corner between Sections 26 and 27 in said Township and Range, and running thence
> West for a distance of 390 feet; thence
> North for a distance of 389 feet to corner No. 1 of the tract conveyed by this instrument; thence
> North for a distance of 100 feet to corner No. 2; thence
> West for a distance of 132 feet to corner No. 3; thence
> South for a distance of 100 feet to corner No. 4; thence
> East 132 feet to corner No. 1.
> (According to Book 70 of Deeds, Page 146)
>
> Common address: 309 Ruenauver Street, Plains, Montana

4. The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825 (1997).

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marsha's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

A. To Sanders County, Montana, to satisfy the principal amount of any

assessed taxes, to the date of sale.

B. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

C. Any overplus remaining after the payments to Sanders County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

Dated this 14th day of April, 2016.

_____
Dana L. Christensen, Chief Judge
United States District Court